UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| TYRONE BEATY, | ) | C/A No.: 4:15-cv-3707-RMG-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 14, 2015. (Doc. #1). Respondent filed a motion for summary judgment on January 11, 2016, along with a return and memorandum. (Docs. #18 and #19). The undersigned issued an order filed January 12, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20). Petitioner filed a response on February 22, 2016.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in McCormick Correctional Institution. During its April 27, 2006, term, the Horry County Grand Jury indicted Petitioner on the charge of murder and armed robbery. Petitioner was represented at a July 12-16, 2010, jury trial by Scott Bellamy, Esquire. Appearing on behalf of the State was Heather von Herrmann of the Fifteenth Circuit Solicitor's Office. The trial proceeded before the Honorable Steven H. John, South Carolina Circuit Court Judge. The jury convicted Petitioner of both offenses as charged. Judge John sentenced Petitioner to concurrent sentences of thirty-four years imprisonment for murder and thirty years imprisonment for armed robbery.

## **DIRECT APPEAL**

Petitioner timely filed a direct appeal of his conviction and sentence. Assistant Appellate Defender Susan B. Hackett represented Petitioner on appeal and briefed the following issue:

> Did the trial judge err in allowing a police officer to testify
> that a gunshot wound to the victim's hand was a defensive

2

> wound and could not have occurred while the victim was
> reaching for a handgun on his person where the officer was
> qualified as an expert in forensic investigation only?

(App. P. 608).

In an Unpublished Opinion (No. 2013-UP-252) filed June 19, 2013, the South

Carolina Court of Appeals affirmed Petitioner's convictions. (App. p. 658-59). The

remittitur was issued on July 9, 2013.

## **PCR**

Petitioner filed his application for post-conviction relief (PCR) on August 28,

2013. Petitioner raised the following issues in his PCR application:

1.  Ineffective Assistance of Trial Counsel

    a.  Failure to object to officer's testimony before grand
        jury.
    b.  Failure to sufficiently argue for a directed verdict.
    c.  Failure to properly argue for a new trial.
    d.  Failure to request a charge lesser included offenses as to both
        counts.
    e.  Failure to object to the charge on the felony murder doctrine.
    f.  Failure to object to the charge on inferred malice.
    g.  Failure to object to the charge on unanimity of the verdict.

2.  "Prosecution Misconduct"

    a.  The Solicitor knowingly used perjured testimony.

(App. p. 660-666). The State made its Return. An evidentiary hearing was

3

conducted on October 29, 2014, before the Honorable John C. Hayes, III, Circuit Court Judge. Petitioner was present and represented by Daniel Selwa, Esquire. Assistant Attorney General Joshua Thomas appeared on behalf of the State. Petitioner testified on his own behalf and presented testimony from his former co-defendant, Corey Smalls. The State presented testimony from the prosecutor, Ms. Hermann, and trial counsel, Mr. Bellamy. (App. P. 673-720).

In his Order of Dismissal filed November 17, 2014, Judge Hayes denied and dismissed all claims with prejudice. (App. 722-28).

## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR application and was represented by Robert M. Pachak, Assistant Appellate Defender. On March 23, 2015, Mr. Pachak filed a Johnson Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The only issue raised in the Johnson Petition was stated as follows:

> Whether defense counsel was ineffective in failing to request jury instructions on the lesser included offenses?

Petitioner filed a *pro se* response to the Johnson Petition and presented the following issue:

> Whether the PCR court [erred] in ruling Petitioner did not

4

prove prosecutorial misconduct when the prosecutor [knowingly] used perjured testimony, and had a deal with co-defendant Corey Smalls.

In an order dated July 23, 2015, the South Carolina Supreme Court denied certiorari and granted counsel's petition to be relieved. The remittitur was issued on August 10 , 2015, to the Horry County Clerk of Court.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:    The trial judge erred in allowing a police officer to testify that a gunshot wound to the victims hand was a defensive wound and could not have occurred while the victim was reaching for a handgun on his person where the officer was qualified as an expert in forensic investigation only.

GROUND TWO:    Ineffective Assistance of trial counsel.

Supporting Facts:    Defense counsel was ineffective in failing to request jury instructions on the lesser included offenses.

GROUND THREE: Prosecutorial Misconduct.

Supporting Facts:    The Supreme Court and the PCR court errored in ruling Petitioner did not prove prosecutorial misconduct, when the prosecutor knowing used perjured testimony and had a deal with co-defendant Corey Smalls. During PCR hearing Petitioner testified that the prosecutor knowing used perjured testimony. SEE: App. p.683 L19-L21. Thus, by the State's calling co-defendant

5

Corey Smalls to testify against Petitioner where Mr. Smalls had a deal with the State-to testify that Petitioner was the triggerman in Mile's Slay's murder SEE: App.p. 680 L18-p. 681 –L9. Corey Smalls corroborated Petitioner's testimony, when Smalls testified that the Solicitor coerced him into lying on Petitioner to get a deal. And he looked forward to having this deal but they lied to him. But now he felt bad about this lie and wanted to clear the water. Because of the fact it was on his conscience, that he sent Petitioner to prison for 34 years over something he did not do. SEE: App.p. 689 L15 –p 691-L12. Also see App.p 697 L3-11.

(Petition) (errors in original).


## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is

proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case.  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

## GROUND ONE

In Ground One, Petitioner argues the trial court erred in allowing a police officer to testify ". . . that a gunshot wound to the hand was a defensive wound and

could not have occurred while the victim was reaching for a handgun on his person where the officer was qualified as an expert in forensic investigation only." (Petition). Respondent argues that this issue is not cognizable for habeas review and should be dismissed.

The court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir.1998). Therefore, this issue is not cognizable for federal habeas review and should be dismissed.


**GROUND TWO**

In Ground Two, Petitioner alleges ineffective assistance of trial counsel for failing to request a jury instruction on lesser included offenses. Petitioner argues that trial counsel should have requested a charge on the lesser included offenses of involuntary manslaughter and strong armed robbery. Respondent argues that summary judgment should be granted on this issue because the state courts' rejection of this claim was not contrary to and did not involve an unreasonable application of clearly established United States Supreme Court precedent.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the

merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985)

11

(quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)).  In meeting the

second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional  errors,
> the result of the proceeding would have been different.  A
> reasonable  probability  is  a  probability  sufficient  to
> undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must
> judge the reasonableness of counsel's challenged conduct
> on the facts of the particular case, viewed as of the time of
> counsel's conduct . . . the court must then determine
> whether, in light of all the circumstances, the identified acts
> or omissions were outside the wide range of professionally
> competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

Strickland analysis).

At the PCR hearingwhen asked his reasoning for not requesting an instruction

on lesser included offenses, trial counsel testified that it was trial strategy in that he

wanted to ". . . put the State's case on trial for their inconsistencies within their own

witnesses and statements and with forensic evidence so that it was an all or nothing.

We didn't want to give the jury an out to convict of something lesser. "   (Tr. 718).

12

When asked if he thought it would have been a "good idea" to request instructions on the lesser included offenses, trial counsel reiterated that he felt at the time of trial it was the best trial strategy not to give the jury "some out to convict of something lesser. Again, on the manslaughter, that carries 30, and I felt that he would have gotten a lot of time even at that. . . " (Tr. 719). Additionally, counsel testified that he was not sure the evidence would have supported the lesser included charges.

The PCR court denied this claim ruling as follows:

> As to particular 1(d) trial counsel testified he did not request a charge on a lesser included offense as the State's case was in trouble and he felt it was best to just allow the jury to consider all (guilty of murder) or nothing (not guilty). Trial counsel testified that not asking for charge as to a lesser included offense was not, standing alone, a trial strategy but where trial counsel's testimony is reviewed in its totality on this issue the decision regarding a lesser offense request was part and parcel of trial counsel's trial strategy. I find trial counsel had a valued reason for employing the trial strategy he testified to in Applicant's case. Rice v. State, 2014 WL 5280546 (Ct. App. 2014). This particular is without merit.

(App. p. 725).

As set forth above, the PCR court found that trial counsel made a strategic decision in not requesting an instruction on lesser included offenses. (Tr. 725). Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170

(4th Cir.1991). Trial counsel testified that his strategy was an "all or nothing" approach. Counsel testified that their trial strategy was to "put the State's case on trial for their inconsistencies within their own witnesses and statements and with forensic evidence. As a trial strategy, basically it was an all-or-none approach. We didn't want to give the jury an out to convict of something lesser." (Tr. 718). Additionally, Counsel testified that Petitioner's explanation was that he may have been in the Food Lion where the video showed him, but he had nothing to do with shooting the victim. (Tr. 714). Therefore, counsel decided not to give the jury an option of reaching a compromised verdict which could have resulted in Petitioner receiving up to thirty years. (Tr. 719). Where counsel articulates valid reasons for employing a certain strategy, such conduct is not ineffective assistance of counsel. See Daniels v. Lee, 316 F.3d 477, 491 (4th Cir.2003). Courts have held that the decision not to ask for an instruction on a lesser-included offense may be a sound trial strategy. See United States v. Estrada–Fernandez, 150 F.3d 491, 496 (5th Cir.1998). "Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. The PCR court's decision was not contrary to or an unreasonable application of

14

applicable Supreme Court precedent. <u>See</u> <u>Strickland</u>, 466 U.S. at 689 (". . . a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time). Because of the difficulties inherent in making the evaluation, a court must ". . . indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption. . . " <u>Id</u>. The PCR court properly applied the <u>Strickland</u> standard and the denial of relief was not objectively unreasonable based on the factual findings. Accordingly, it is recommended that Ground Two be denied and dismissed.

## **GROUND THREE**

In Ground Three, Petitioner argues prosecutorial misconduct asserting the Assistant Solicitor knowingly coerced perjured testimony from co-defendant Corey Smalls with whom she had made a deal. Respondent argues the state courts' rejection of Petitioner's claim was not "contrary to" and did not involve an "unreasonable application of" clearly established federal law.

At the PCR hearing, co-defendant Smalls testified that he testified against Petitioner at trial because he was coerced by Assistant Solicitor Herrmann and promised a deal in exchange for his testimony. (Tr. 688-700). However, Smalls

testified that the Assistant Solicitor lied to him because he received nineteen years and that "they played me just to get a conviction." At the PCR hearing, Smalls testified that an unknown Jamaican man had shot the victim.[2] (Tr. 692). Upon cross-examination, Smalls admitted that he did not tell his attorney that the solicitor coerced him into giving a statement against Petitioner.[3]

Assistant Solicitor Heather von Herrmann, testified that she was assigned to prosecute the case against Petitioner, Corey Smalls, Antonio Smalls, and Neil Hill. (Tr. 702). She testified that she never met with Corey Smalls privately as his attorney was always present and that she never threatened his attorney that something would happen to his client if he did not cooperate. Further, Herrmann testified that she did not know what the discussion was between Corey Smalls and his counsel, but that when he came to them, Mr. Smalls was willing to enter into a plea agreement giving the same story that Antonio Smalls gave to them. (Tr. 704). Ms. von Herrmann testified that she felt Corey Smalls' trial testimony was consistent with the other facts

---

[2] This testimony was in contradiction to the testimony he gave at Petitioner's trial. At the trial, Smalls testified that Petitioner was the triggerman and the murderer. (Tr. 691).

[3] The State attempted to introduce a copy of a letter at PCR that Smalls purportedly wrote to Solicitor Herrmann when he and Petitioner were housed together in the same dorm at Lieber Correctional Institution stating that Petitioner threatened him into changing his story. (Tr. 701). Smalls denied that he wrote the letter asserting that it was not his handwriting, and it was not notarized. Smalls testified that he has all of his letters notarized. Therefore, the PCR court ruled the letter inadmissible based on lack of authentication.

of the case, consistent with the evidence, and that his testimony at trial was similar to what the other co-defendants had stated. (Tr. 704-707). Herrmann testified that she had concerns for Corey Smalls' safety after Petitioner's conviction because it came to her attention that despite instructions to SCDC to keep he and Petitioner apart, they had been housed together at one of the correctional institutions. (Tr. 706-707).

The PCR court held the following with respect to this issue:

> Applicant alleges prosecutorial misconduct. Prosecutorial misconduct is not an issue for post-conviction relief. Rather, this allegation is a direct appeal issue that is procedurally barred by S.C. Code Ann. 17-27-20(b). Post-conviction relief is not a substitute for an appeal. Simmons v. State, 264 S.C. 417, 423, 215 S.E.2d 883, 885 (1974). A post-conviction relief application cannot assert any issues that could have been raised at trial or on appeal. Drayton v. Evatt, 312 S.C. 4, 8, 430 S.E.2d 517, 520 (1993). Applicant could have raised the issue of prosecutorial misconduct on appeal. The failure to do so has waived this allegation as grounds for relief. Regardless, it is Applicant's burden to prove actual prosecutorial misconduct. Alabama v. Smith, 490 S.C. 794 (1989).

(Tr. 724).

Even though the PCR court found this issue was procedurally barred from review at PCR in South Carolina, the PCR court still addressed the merits holding as follows:[4]

_____

[4] Respondent does not argue that this issue is procedurally barred.

17

Mr. Smalls has now testified twice under oath relative to Applicant's murder charge. He now says he lied when he testified at trial and was coerced into testifying. At trial, Smalls testified that the solicitor and he, through his attorney, had reached an agreement and he had entered into a proffer agreement. (TR. p. 123 L19 through p. 124 L 11). Smalls testified at trial that while he hoped to get some benefit from testifying there were no secret agreements nor any promises relative to his testimony at trial.(TR. p. 125 LL 3-25). At Applicant's trial on cross examination, Smalls testified he was to plead to armed robbery. (TR. p. 126 l 21 through p. 127 L 14). On cross examination at the PCR hearing, he testified that he was not being honest and truthful as to what Applicant did in regard to the murder for which Applicant was on trial.

I find Corey Smalls' testimony at the post-conviction relief hearing is not credible. I find Heather von Herrmann's testimony credible. I find Corey Smalls' testimony at Applicant's trial was not the product of any prosecutorial misconduct. I specifically find, Smalls was not offered any deal in exchange for his testimony other than that reflected in the trial record regarding a proffer agreement for his being allowed to plead to armed robbery rather than murder. To the extent this proffer constituted a "deal" such was laid before the jury in its entirety for the jury to consider in assessing Smalls' credibility and Applicant's trial.

I find Applicant has failed to carry his burden of proof and failed to prove either ineffective assistance of counsel or prosecutorial misconduct.

(Tr. 727).

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's misconduct "so infected the trial with unfairness as to make the

resulting conviction a denial of due process." <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The use of testimony that the prosecution knows is perjured or false may constitute prosecutorial misconduct. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). <u>In</u> <u>Napue v. Illinois</u>, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), the Court held that due process is generally denied if the government knowingly uses perjured testimony against the accused to obtain a conviction. "The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." <u>Id</u>. To meet his burden of proof, a defendant must show that (1) perjured testimony was presented; (2) the prosecution knew the evidence was false; and (3) there is a "reasonable likelihood that the false testimony could have affected the judgment of the jury." <u>Boyd v. French</u>, 147 F.3d 319, 330 (4th Cir.1998) (citations and internal quotations omitted).

Petitioner has not established prosecutorial misconduct. Petitioner has failed to show that the finding by the state court was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. After hearing the testimony at the PCR hearing, the PCR court found that Corey Smalls' testimony that he lied during the jury trial due to coercion by the solicitor not credible while finding Ms. von Hermann's testimony credible. The PCR court's factual determination

regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). In conclusion, the PCR court found that Corey Smalls' testimony was not the product of any prosecutorial misconduct, and that he was not offered a deal in exchange for his testimony other than the proffer agreement allowing him to plead to armed robbery as opposed to murder which was before the jury to consider.  A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000).  Based on the record presented, the PCR court's finding that Petitioner failed to prove prosecutorial misconduct was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Three.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #19) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
March 21, 2016                              United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.