IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tyrone Beaty, | ) | Civil Action No. 4:15-3707-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Respondent on the petition for habeas relief pursuant to 28 U.S.C. § 2254. The Court adopts the Report and Recommendation as the Order of the Court, grants summary judgment for Respondent, and dismisses the petition.

I. **Background**

After a July 12–16, 2010 jury trial in Horry County, South Carolina, Petitioner was convicted of murder and armed robbery. He was subsequently sentenced to concurrent sentences of 34 years imprisonment for murder and 30 years for armed robbery.

Petitioner appealed his convictions and sentences, asserting that the trial court erred in allowing a police officer to testify that a gunshot wound to the victim's hand was a defensive wound that could not have occurred while the victim was reaching for his handgun, because the officer was not qualified to offer that opinion. On June 19, 2013, the South Carolina Court of Appeals affirmed Petitioner's convictions.

Petitioner filed an application for post-conviction relief (PCR) on August 28, 2013. In his application, he asserted that his trial counsel, Scott Bellamy, had been ineffective for numerous reasons, and that the assistant solicitor, Heather von Herrmann, engaged in prosecutorial

misconduct by knowingly using perjured testimony from Corey Smalls, a former co-defendant. The PCR court held an evidentiary hearing on October 29, 2014. Petitioner, Mr. Smalls, Ms. von Herrmann, and Mr. Bellamy testified at the hearing. On November 17, 2014, the PCR court denied the application.

Petitioner appealed the dismissal of his PCR application on March 23, 2015. Counsel for Petitioner filed a *Johnson* petition for a writ of certiorari, only raising the issue of ineffective assistance of counsel in failing to request jury instructions on lesser-included offenses. Petitioner filed a *pro se* response to the *Johnson* Petition raising the issue of prosecutorial misconduct. The South Carolina Supreme Court denied certiorari, issuing its remittitur on August 10, 2015.

Petitioner timely filed the present petition for habeas relief on September 14, 2015, asserting three grounds for relief: (1) the trial court erred in allowing police officer testimony that a gunshot wound to the victim's hand was a defensive wound, (2) trial counsel was ineffective in failing to request jury instructions on lesser-included offenses, and (3) prosecutorial misconduct in use of perjured testimony from Mr. Smalls. On January 11, 2016, Respondent moved for summary judgment. The Magistrate Judge recommended summary judgment for Respondent on all asserted grounds for relief on March 21, 2016. Petitioner timely filed an objection to the Report and Recommendation as to Ground Three only.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

**B.    Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.

*Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### C. Habeas Corpus

Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (stating that "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'" (quoting *Harrington*, 562 U.S. at 103)).

Therefore, when reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also White*, 134 S. Ct. at 1702 (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and providing that "even clear error will not suffice" (internal quotation marks and citation omitted)). Moreover, review of a state court decision does not require an opinion from the state court explaining its reasoning. *See Harrington* at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102. And state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. <u>Analysis</u>

#### A. **Ground One**

In Ground One, Petitioner asserts that the trial court erred in allowing a police officer to testify "that a gunshot wound to the hand was a defensive wound and could not have occurred while the victim was reaching for a handgun on his person where the officer was qualified as an expert in forensic investigation only." (Pet., Dkt. No. 1.) The Magistrate Judge found this issue

to be non-cognizable on federal habeas review. The Court agrees. The Court will not grant habeas relief based on the state's own standards for sufficiency of the evidence. *See Wilson v. Greene*, 155 F.3d 396, 407 (4th Cir. 1998); *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998).

### B.    Ground Two

In Ground Two, Petitioner asserts that his trial counsel was constitutionally ineffective in failing to request jury instructions on lesser-included offenses for murder and armed robbery. This claim was considered and rejected by the PCR court. The Magistrate Judge recommends summary judgment for Respondent on this claim, finding that the PCR court's determination does not rest on an unreasonable application of federal law or an unreasonable factual determination. The Court agrees.

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the "'wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.* In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s 'deferential standards.'" *Id.*

Courts are reluctant to characterize tactical or strategic decisions by trial counsel as ineffective assistance. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). A "strong presumption" exists that counsel's actions were the function of trial tactics and not "sheer neglect." *Harrington*, 131 S. Ct. at 790. This rule, however, is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2nd Cir. 2009) (omissions based upon "oversight, carelessness, ineptitude or laziness" cannot be explained as "trial strategy"); *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (a strategic choice made without a professionally competent investigation of the Petitioner's options is "erected upon . . . a rotten foundation" and is not entitled to deference).

At the PCR hearing, trial counsel testified that he did not request jury instructions on lesser-included offenses because he wanted to "put the State's case on trial for their inconsistencies within their own witnesses and statements and with forensic evidence so that it was an all or nothing. We didn't want to give the jury an out to convict of something lesser." (Dkt. No. 718 at 220.) When asked if he thought it would have been a "good idea" to request instructions on the lesser-included offenses, trial counsel against stated that he felt the best trial strategy was not to give the jury

-7-

"some out to convict of something lesser. Again, on the manslaughter, that carries 30, and I felt that he would have gotten a lot of time even at that . . . ." (*Id.* at 221.) The PCR court denied Petitioner's ineffective assistance of counsel claim, finding that "trial counsel had a valued reason for employing the trial strategy he testified to in Applicant's case." (*Id.* at 227.)

The PCR court found that trial counsel made a strategic decision in not requesting an instruction on lesser-included offenses. That finding was supported by record evidence. Trial counsel testified that his strategy was an "all or nothing" approach. Counsel decided not to give the jury an option of reaching a compromised verdict that could have resulted in Petitioner receiving up to thirty years. Where counsel articulates valid reasons for employing a certain strategy, that strategy is not ineffective assistance of counsel. *See Daniels v. Lee*, 316 F.3d 477, 491 (4th Cir. 2003). Courts have held that the decision not to ask for an instruction on a lesser-included offense may be a sound trial strategy. *See, e.g., United States v. Estrada-Fernandez*, 150 F.3d 491, 496 (5th Cir. 1998). The Magistrate Judge therefore found that the PCR court's decision was not contrary to or an unreasonable application of federal law. The Court agrees and denies relief as to Ground Two.

### C. Ground Three

In Ground Three, Petitioner asserts that the assistant solicitor engaged in prosecutorial misconduct by coercing perjured testimony from co-defendant Corey Smalls. Mr. Smalls testified that Petitioner was the triggerman who murdered the victim. Although the PCR court found this issue to be procedurally barred, it nonetheless ruled on the merits of the claim. Respondents do not now raise a procedural bar. The Magistrate Judge found that the PCR court's ruling on the merits was not an unreasonable application of federal law. The Court agrees.

To obtain relief on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). To meet that burden regarding an allegation that the prosecution knowingly used perjured testimony, the defendant must show that (1) perjured testimony was presented; (2) the prosecution knew the evidence was false; and (3) there is a "reasonable likelihood that the false testimony could have affected the judgment of the jury." *Boyd v. French*, 147 F.3d 319, 330 (4th Cir. 1998) (citations and internal quotation marks omitted). Proof that the prosecution used testimony that it knew to be false is, typically, sufficient to meet the defendant's burden. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959).

At the PCR hearing, Mr. Smalls testified that he testified against Petitioner at trial because Ms. von Herrmann coerced him, and promised him a plea deal in exchange for his testimony. (Dkt. No. 18-2 at 190–202.) According to Mr. Smalls, in truth an unknown Jamaican man shot the victim. He also testified that Ms. von Herrmann "played me just to get a conviction" because he received a nineteen year sentence. Ms. von Herrmann, however, testified that she never met with Mr. Smalls outside of the presence of his attorney, that she never threatened Mr. Smalls, that Mr. Smalls was willing to enter into a plea agreement, and that Mr. Smalls' trial testimony was consistent with the other facts of the case.

The PCR court found this claim procedurally barred because it was not raised on direct appeal, but it nonetheless addressed the merits. It found that Mr. Smalls PCR testimony was not credible, that Ms. von Herrmann's testimony was credible, and that Mr. Smalls' trial testimony was not the product of any prosecutorial misconduct. To now prevail on this claim on federal habeas review, Petitioner must show, by clear and convincing evidence, that the PCR court's

factual finding was unreasonable. Petitioner fails to meet that burden. The PCR court's findings on witness credibility are entitled to deference in this action. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). As the Magistrate Judge found, the PCR court's determination that Petitioner failed to prove prosecutorial misconduct was not an unreasonable application of federal law to the record presented. The Court therefore denies relief as to Ground Two.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 25) as the Order of the Court, **GRANTS** Respondents' motion for summary judgment (Dkt. No. 19), and **DISMISSES** the petition (Dkt. No. 1.).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April _1_, 2016
Charleston, South Carolina